RUSSELL v. NEWARK MACHINE CO. et al.

(District Court, S. D. Ohio, E. D.    March 13, 1893.)

No. 29.

1. PATENTS FOR INVENTIONS—VIOLATION OF LAWS— WRONGFUL MARKING.
    A person who marks as patented, under letters patent of a certain date and number, a machine which does not in fact contain the invention covered by such patent, is not guilty of violating either clause 1 or 2 of Rev. St. § 4901, relating to the wrongful marking of articles as patented.

2. SAME.
    In order to render defendant liable under clause 3 of said section, the burden is upon the plaintiff to show that the article marked "Patented" was not covered by any patent; and this burden is not met by showing that the machine did not contain the invention covered by one patent which was marked upon the same, there being other patents also marked thereon.

3. SAME—PLEADING.
    In a petition to recover penalties under Rev. St. § 4901, an allegation "that said straw-stacking machine so manufactured, marked, and advertised by the defendant was not covered by the letters patent granted to Henry S. Stone and James M. F. Shepler, February 6, 1883, and numbered 271,943, or any other letters patent of the United States of that date or number," is specific and limited, and cannot be expanded into a general allegation that the machines were unpatented, so as to bring the case within the third clause of that section.

At Law.    Action by Allen Russell against the Newark Machine Company and others to recover the penalties prescribed by Rev. St. § 4901, forbidding the wrongful marking of articles as patented. Judgment for defendants.

Rev. St. § 4901, reads as follows:

"Every person who in any manner marks upon anything made, used, or sold by him, for which he has not obtained a patent, the name, or any imitation of the name, of any person who has obtained a patent therefor, without the consent of such patentee, or his assigns or legal representatives; or

"Who in any manner marks upon or affixes to any such patented article the word 'patent' or 'patentee,' or the words 'letters patent,' or any word of like import, with intent to imitate or counterfeit the mark or device of the patentee, without having the license or consent of such patentee, or his assigns or legal representatives; or

"Who in any manner marks upon or affixes to any unpatented article the word 'patent,' or any word importing that the same is patented, for the purpose of deceiving the public,—shall be liable for every such offense, to a penalty of not less than one hundred dollars, with costs, one half of said penalty to the person who shall sue for the same, and the other to the use of the United States, to be recovered by suit in any district court of the United States within whose jurisdiction such offense may have been committed."

Charles R. Miller, for plaintiff.
Staley & Shepherd, for defendants.

SAGE, District Judge. This is an action for penalties under section 4901 of the Revised Statutes of the United States. The plaintiff alleges that Henry F. Stone and James M. F. Shepler are the inventors of a new and useful straw-stacking machine, and on the 6th of February, 1883, letters patent of the United States numbered 271,943 were issued to them therefor. He further alleges that subsequently—

"To wit, between the first day of January, 1890, and the first day of January, 1891, the exact date of which the plaintiff is unable to learn, the defendants the Newark Machine Company and J. P. McCune, president, at the city of Columbus, in the state of Ohio, in the southern district, and the eastern division thereof, did manufacture, and cause to be manufactured, a certain other straw-stacking machine, in addition to the ones heretofore complained of, and did mark, or cause the same to be marked, 'Letters Patent No. 271,943, February 6, 1883,' and advertised, in circulars, and otherwise, that the same was covered by and made in accordance with said letters patent."

"That said straw-stacking machine so manufactured, marked, and advertised by the defendants was not covered by the letters patent granted to Henry S. Stone and James M. F. Shepler, February 6, 1883, and numbered 271,943, or any other letters patent of the United States of that date or number, of all which said defendants had full knowledge, but the said defendants the Newark Machine Company and J. P. McCune, president, caused the same to be marked, and did so mark the said straw-stacking machine, with the intent and for the purpose of deceiving the public."

The admitted facts in the case are:

(1) That letters patent of the United States were on February 6, 1883, issued to Henry S. Stone and James M. F. Shepler, and numbered 271,943, and that Allen Russell is now the owner of an undivided one fourth.

(2) That the defendants, without authority or right derived from the patentees or their assignee, branded upon the stackers made by them within the southern district of Ohio the date and number of this patent.

(3) That the stackers so branded by the defendants did not contain the improvements set forth and claimed in said letters patent.

(4) That the defendants had advertised in their circulars that said patented improvement was embodied in their "Imperial" stacker, and warned the public against using straw stackers containing the same unless manufactured by them.

(5) That in December, 1885, the defendants obtained from W. H. Johnson a license to use certain letters patent, but not the one involved in this suit.

(6) That Johnson acquired title to the patents for which he issued the license to the defendants from C. E. Merrifield, and that in circulars previously issued by Merrifield & Co. they claimed to own, not only the patents for which Johnson issued a license to the defendants, but also the patent involved in this suit.

The case does not come within the first or the second clause of section 4901, because it is admitted that the machines made and sold by the defendants did not contain the improvements set forth and claimed in said letters patent.

The plaintiff relies upon the third clause of the section, contending that the evidence establishes that the machines manufactured by the defendants, and marked "Patented February 6, 1883, No. 271,943," were not patented of that date and number, and that there is no evidence to show that they were patented under, or made in compliance with, any of the other patents branded thereon. But there is no allegation in the petition that the defendants' machines were unpatented. The only allegation is that they were not covered by the patent granted to Stone and Shepler, February 6, 1883, and numbered 271,943, or any other patent of that date, which is a specific and limited allegation, and cannot be expanded by construction into a general allegation that they were unpatented, so as to bring the case within the provisions of the third clause of section 4901. Besides, there is no proof that they were not patented, and the burden is upon the plaintiff. It is stipulated that they were marked as patented under seven patents, of which No. 271,943 was one. The evidence is that the defendants manufactured the Imperial straw stacker under a license obtained indirectly from C. E. Merrifield & Co., who by a printed circular, which is in evidence, described the same as manufactured under seven patents, including No. 271,943, and cautioned all persons from buying or using machines infringing any claims of the same. It is also in evidence that defendants acquired 80 Imperial stackers manufactured by Merrifield & Co. or their licensees, and that those stackers were marked exactly as defendants marked the stackers of their own manufacture. The testimony of defendant John McCune, president of the defendant company, is that he always believed that the company had a right to use the marks of patent No. 271,943; always supposed that that patent was included in their license until the latter part of 1891, when, examining the license for the first time, he discovered that it was not included, and that after that time they never used the mark of that patent. Certain letters written by the plaintiff and by his attorneys to the defendants and their attorneys are in evidence, which, it is claimed, raise a presumption of the guilty knowledge of defendants sufficient to overcome the direct evidence of Mr. McCune. The first letter was written by plaintiff. It is dated "Indianapolis, 26th of March, 1888." He notifies the defendant company that he claims to own at least a half interest in the patents under which it was building

the Imperial straw stacker, and, forbidding it to continue the manufacture, advises that he shall hold it liable for damages. In the second letter, dated 24th of February, 1891, his attorney requests the attorney for the defendant company to inform him from whom that company received license or authority to use patent No. 271,943. In the third letter, dated "Canton, Ohio, September 30, 1891," plaintiff's attorney, then recently employed, refers to the defendant company's marking its machines as manufactured under patent No. 271,943, issued February 6, 1883, and, stating that he had not had opportunity to examine the machines to ascertain whether they were covered by that patent, requests, on behalf of the plaintiff, that if they are doing so they will discontinue its use, and arrange for payment therefor. Not receiving any answer, he calls attention to that letter by a letter dated October 12, 1891, to which, on October 13th, the defendant company answered that it was not using the patent referred to in the letter of September 30th. Then came a letter under date of October 15, 1891, from the plaintiff's attorney, acknowledging the defendant's disclaimer of present use, but inquiring whether it had used the patented device at any time since the date of the patent, to which, on the 17th of October, the defendant company answered in the negative. There is nothing in any of these letters that suggests that the defendant company was marking an unpatented article, contrary to the provisions of section 4901. All the letters indicate that the plaintiff claimed to own certain rights under patent No. 271,943, and that he intended to hold the defendants liable for infringement. Granting that the fact of marking upon or affixing to an unpatented article the word "patent" casts upon the person so doing the burden of proving that he was not guilty of any intent to defraud, the rule does not apply in this case; and, if it did, there is nothing in the evidence tending to overcome the testimony of Mr. McCune that there was no such intent on the part of the defendants. This case is not affected by the rule in Deverall v. Banker, 45 O. G. 591, cited for the plaintiff, that where a manufactured article contains, in addition to what is described and claimed in patents owned by the manufacturer, something new, substantial, and valuable in the market, he has no right, simply because the new article embodies the invention covered by those patents, to mark it, as a whole, "Patented." In that case it appeared affirmatively that the article marked "Patented" was something more than was claimed in the patent offered as covering it, and that it "accomplished, and was designed to accomplish, a further purpose." In this case it appears from the evidence that the article was marked with the number and date of each of the seven patents named in the license under which the defendant company claimed that it was manufactured and sold, and, although it is stipulated that it did not contain the improvements set forth in patent No. 271,943,—one of the seven,—the stipulation does not include the other six, and there is no evidence even tending to show that it was not covered by them, nor is there any showing that it was in fact in any part unpatented. No case for the plaintiff is made out. The judgment will be for the defendants.